RACHEL E. K. LOWE (State Bar No. 246361)
JONATHAN J. KIM (State Bar No. 312145)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:   213-576-1100
rachel.lowe@alston.com
jonathan.kim@alston.com

Attorneys for Defendants
**YARDI SYSTEMS, LLC (erroneously sued as
YARDI SYSTEMS, INC.) and
RENTCAFE, LLC**

(Additional Counsel Listed on Next Page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHANESS MOSLEY, WILLIAM FOXX, and KAREN PICARDI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> YARDI SYSTEMS, INC., and RENTCAFE, LLC, <br><br> Defendants. | Case No. 2:26-cv-03318-WLH-BFM <br><br> (Santa Barbara Superior Court Case No. 26CV00952) <br><br> **DEFENDANTS YARDI SYSTEMS, LLC'S AND RENTCAFE, LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> DATE:        June 26, 2026 <br> TIME:        1:30 p.m. <br> PLACE:      Courtroom 9B <br>                  350 West First Street <br>                  Los Angeles, CA 90071 <br><br> (Concurrently filed with Notice of Motion and Motion to Dismiss; Declaration of Rachel E. K. Lowe; Declaration of Alexa Bermudez; and [Proposed] Order) <br><br> Filing Date:        February 9, 2026 <br> Removal Date:  March 27, 2026 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

E. SCOTT SCHIRICK
(*Admitted Pro Hac Vice*)
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
Scott.schirick@alston.com

DAVID B. CARPENTER
(*Admitted Pro Hac Vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone:   404-881-7000
Facsimile:   404-881-7777
David.carpenter@alston.com

Attorneys for Defendants
**YARDI SYSTEMS, LLC and
RENTCAFE, LLC**

## I.    <u>INTRODUCTION</u>

Defendants Yardi Systems, LLC and RentCafe, LLC (collectively, "<u>Defendants</u>") hereby request the Court to consider certain documents in deciding Defendants' concurrently filed Motion to Dismiss Plaintiffs' Class Action Complaint (the "<u>Motion to Dismiss</u>"). These documents may be considered on a motion to dismiss because they are (a) incorporated by reference in the complaint and (b) contain facts that are not subject to reasonable dispute because they can be accurately and determined from sources whose accuracy cannot reasonably be questioned.

Defendants respectfully request that the Court take judicial notice of the following documents attached as exhibits to the Declaration of Alexa Bermudez (the "<u>Bermudez Declaration</u>") filed concurrently with this Request:

1. A true and correct copy of the screens Plaintiff Picardi encountered when she used the Resident App, attached as screenshots to the Bermudez Declaration as **<u>Exhibit A</u>**;

2. A true and correct copy of the screens Plaintiff Mosley encountered when she used the Resident App, attached as screenshots to the Bermudez Declaration as **<u>Exhibit B</u>**; and,

3. A true and correct copy of the screens Plaintiff Foxx encountered when he used the Resident App, attached as screenshots to the Bermudez Declaration as **<u>Exhibit C</u>**.

4. A true and correct copy of the Resident Ledger maintained by Bell Partners, Inc. to record charges and payments to and from Picardi, attached to the Bermudez Declaration as **<u>Exhibit D</u>.**

5. A true and correct copy of the Resident Ledger maintained by Essex Portfolio, Inc. to record charges and payments to and from the residents in Mosley's apartment unit, attached to the Bermudez Declaration as **<u>Exhibit E</u>.**

6. A true and correct copy of the Resident Ledger maintained by Gomes Management, LLC to record charges and payments to and from the residents in

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Foxx's apartment unit, attached to the Bermudez Declaration as **Exhibit F**.

## II.    ARGUMENT

The Court may consider materials incorporated into a complaint on a motion to dismiss, including documents whose contents are alleged in the complaint or upon which the complaint necessarily relies. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also id.* ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). The Court may also consider facts subject to judicial notice at this stage without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.").

The Court may judicially notice a fact that is not subject to reasonable dispute if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041 (S.D. Cal. 2015).

The payment flow screenshots are incorporated by reference in Plaintiffs' Class Action Complaint (the "Complaint").  Plaintiffs allege that all putative class members paid rent and were assessed a "Service Fee" through their respective RentCafe Resident Apps. (*See* Compl. ¶ 19).  They allege the Resident Apps do not disclose the "Service Fee" until the final "Confirm" screen and that the Resident Apps do not disclose alternative forms of payment that would avoid the Service Fee. (*See* Compl. ¶¶ 20-21). These are clearly allegations of the contents of the screens encountered on Plaintiffs' Resident Apps, and the Court may therefore properly consider those screens in deciding

Defendants' Motion to Dismiss. Further, each named Plaintiff alleges that, based on the contents of the Resident App, he or she believed the Service Fee was mandatory and unavoidable. (*See* Compl. ¶¶ 50, 56, 62). The Complaint necessarily relies on these allegations as the basis for each of Plaintiffs' claims. The UCL and CLRA claims are based the alleged "misrepresentations and omissions" in the Resident Apps. (*See* Compl ¶¶ 105, 114). The Tortious Interference with Contract and Unjust Enrichment claims are similarly based on the "act of charging the Service Fee[,]" (Compl. ¶ 121), an act Plaintiffs repeatedly allege is accomplished through the contents of the Resident App. (*See* Compl. ¶¶ 19-21). The NJCFA claim relies on the alleged "misrepresentations and omissions regarding the Service Fee[,]" (Compl. ¶ 137), and the Chapter 93 claim relies on the alleged failure of the contents of the Resident App to "clearly and conspicuously disclose" the existence and nature of the fee. (Compl. ¶ 150).  The contents of the Resident App serve as the entire basis of each of Plaintiffs' claims.

This is also true for the Resident Ledgers. Plaintiffs repeatedly allege that they paid various amounts of rent on various dates by credit card through their Resident Portals. (*See* Compl. ¶¶ 49, 55, 61).  Each of Plaintiffs' claims relies on these payments.  (*See, e.g.*, Compl. ¶ 105 ("Plaintiffs relied on Defendants' misrepresentations and omissions in making rent payments . . . ."); Compl. ¶ 136 ("Defendants' misrepresentations and omissions were material to Plaintiff Foxx's and the other New Jersey Subclass members' decision to utilize the form of payment to pay their rental obligations.")).  The records of Plaintiffs' payments are incorporated by reference into the complaint.

The documents above are also not subject to reasonable dispute.  The payment flow screenshots were taken directly from the Resident Apps of each Plaintiff at the dates and times indicated in the Bermudez Declaration. As true and correct copies of the websites Plaintiffs visited, the accuracy of these screenshots cannot reasonably be questioned.  The same is true for the Resident Ledgers, which are accurate records of the payment activity pursuant to Plaintiffs' lease agreements that Plaintiffs cannot reasonably dispute.  The documents are thus proper subjects of judicial notice.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through F to the Bermudez Declaration.

Dated:  May 1, 2026

E. SCOTT SCHIRICK, *Pro Hac Vice*
DAVID B. CARPENTER, *Pro Hac Vice*
RACHEL E. K. LOWE
JONATHAN J. KIM

**ALSTON & BIRD LLP**

By:  ___*/s/ Rachel E. K. Lowe*___
　　　　Rachel E. K. Lowe
Attorneys for Defendants Yardi Systems, LLC and RentCafe, LLC

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys of record.

DATED:  May 1, 2026

By:  _____ */s/ Rachel E. K. Lowe*_____
Rachel E. K. Lowe
Attorneys for Defendants Yardi Systems, LLC
and RentCafe, LLC